FILED
CLERK
9:32 am, Aug 12, 2019
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
IN THE MATTER OF THE COMPLAINT

    - of-

STEVEN SCHNITTGER, as owner of a 1986, 30-foot pleasure craft named "ARRLUK," for Exoneration from or Limitation of Liability

--------------------------------------------------------X

**MEMORANDUM OF DECISION & ORDER**
2:18-cv-04343 (ADS)(SIL)

**APPEARANCES:**

**Rubin, Fiorella & Friedman LLP**
*Attorneys for the Petitioner*
630 Third Ave., 3rd Floor
New York, NY 10017
    By: James E. Mercante, Esq.
        Kristin E. Poling, Esq., Of Counsel.

**Buttafuoco & Associates, PLLC**
*Attorneys for the Claimant*
144 Woodbury Road
Woodbury, New York 11797
    By: Ellen Buchholz, Esq.
        Daniel P. Buttafuoco, Esq., Of Counsel.

**SPATT, District Judge**:

On August 1, 2018, Steven Schnittger (the "Petitioner") commenced this action for Exoneration from or Limitation of Liability pursuant to the Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.* (the "Limitation Act.").

Presently before the Court is the Claimant's motion to dismiss the Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P." or "Rule") 12(b)(6). For the foregoing reasons, the Court denies the motion to dismiss.

## I. BACKGROUND

The Petitioner is the owner of a 1986, 30-foot pleasure craft named ARRLUK (the "Vessel"). Claimant Igor Murta (the "Claimant") is the administrator of the estate of Fernando Jose Murta ("Murta"), who sustained fatal injuries during an incident involving the Vessel that occurred while the Vessel was operating on the navigable waters of the United States. The Petitioner seeks an order either (1) adjudging him not liable for any claims for loss, damage, injury and/or wrongful death arising out of the alleged incident; or (2) a limitation of liability of liability to the value of the Vessel as of the date of the alleged incident in the maximum amount of $12,300.

According to the Petitioner, on July 23, 2016, Murta left the Vessel and entered the navigable waters of the Great South Bay, thereby suffering his injury as a result of swimming in the open navigable waters. The Petitioner alleges that any claims for loss, damage, injury, and/or wrongful death arising from the alleged incident were not due to any fault, neglect, or want of care on his part. To the extent any fault contributed to those claims, the Petitioner contends that it occurred without his privity or knowledge.

On April 7, 2018, the Petitioner received a written notice of a claim from the Claimant articulating claims in an amount that exceeded the value of Petitioner's interest in the vessel on the date of the alleged incident.

On August 1, 2018, the Petitioner filed a complaint based on these facts, accompanied with an *Ad Interim* stipulation as to the value of the vessel, amounting to $12,300.

On October 3, 2018, the Court approved the interim stipulation and issued an order requiring all potential claimants against the Petitioner or the Vessel file a claim with the Court by November 2, 2018.

On November 30, 2018, after receiving an extension of time to answer, move or file a claim, the Claimant filed a motion to dismiss the Complaint for failure to state a claim pursuant to Rule 12(b)(6)

## II. DISCUSSION

**A. THE LEGAL STANDARD ON A MOTION TO DISMISS.**

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013); *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Bold Elec., Inc. v. City of N.Y.*, 53 F.3d 465, 469 (2d Cir. 1995); *Reed v. Garden City Union Free School Dist.*, 987 F. Supp. 2d 260, 263 (E.D.N.Y. 2013).

Under the now well-established *Twombly* standard, a complaint should be dismissed only if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L.Ed. 2d 929 (2007). The Second Circuit has explained that, after *Twombly*, the Court's inquiry under Rule 12(b)(6) is guided by two principles:

> First, although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss and [d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 664, 129 S. Ct. 1937, 1940, 173 L.Ed. 2d 868 (2009)).

Thus, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and . . . determine whether they plausibly give rise to an entitlement of relief." *Iqbal*, 556 U.S. at 679.

**B. AS TO THE LIMITATION ACT.**

The Limitation Act provides that, within six months after receiving a claim, a vessel owner may bring a civil action in federal court, seeking a judgment exonerating him or limiting his liability. *See* 46 U.S.C. § 30511(a). "When the owner brings such a suit and posts security in accordance with 46 U.S.C. § 30511(b), the pursuit of all claims against the owner related to the matter in question ceases, pending determination of the petition for exoneration or limitation of liability." *In re Complaint of Messina*, 574 F.3d 119, 122 (2 Cir. 2009); 46 U.S.C. § 30511(c). The Limitation Act specifically applies to claims against the owners of a vessel that involve, *inter alia*, "any loss, damage, or injury by collision, or any act, matter, or thing, loss, damage . . . done, occasioned, or incurred, without the privity or knowledge of the owner." 46 U.S.C § 30505(b). "The effect of the Act and its predecessors is 'to enable the vessel owner to limit his risk to his interest in the ship in respect to all claims arising out of the conduct of the master and crew . . . , while leaving him liable for his own fault [and] neglect.'" *Messina*, 574 F.3d at 126 (quoting *The 84-H*, 1924 AMC 774, 778, 296 F. 427, 431 (2 Cir. 1923)).

"Whether a defendant is entitled to limit liability requires a two-part inquiry." *Haney v. Miller's Launch, Inc.*, 2011 AMC 1931, 1943, (E.D.N.Y. 2010) (citing *Messina*, 574 F.3d at 126–27). First, "the trier must determine if the accident was caused by defendant's negligence," and second, "[i]f negligence is shown, the vessel owner must prove that the negligence occurred without its privity or knowledge." *Id.* Thus, the burden of proving the vessel owner's negligence falls on the claimant; once the claimant establishes negligence, the burden of proof shifts to the

4

owner to demonstrate the absence of privity or knowledge. *Id.* Whether a vessel owner had privity or knowledge "is a question of fact" normally reserved for resolution after the completion of discovery. *In re Kaufman*, 2015 A.M.C. 995, 1000 (E.D.N.Y. Mar. 31, 2015).

To plausibly allege a claim for exoneration from or limitation of liability under 46 U.S.C. § 30505, a vessel owner must allege facts in support of the following elements: "(1) that he has been sued for some loss, damage or injury; (2) that the loss, damage or injury was without his privity or knowledge; and (3) that he wishes to claim the benefit of limitation of liability." *In re Yanicky*, No. 11-CV-6287, 2011 WL 5523600, at *2 (W.D.N.Y. Nov. 14, 2011).

**C. AS TO THE MATERIALS CONSIDERED BY THE COURT.**

As a preliminary matter, the Court must determine the scope of the materials to be considered when adjudicating the Claimant's motion. The Claimant alleges that the Petitioner was negligent by failing to secure his vessel and leaving the helm unattended in open waters while engaging in a recreational swim. He claims that the Complaint omitted the facts that the Petitioner left the boat with Murta in order to go for a swim; failed to properly anchor it; the boat drifted; and he and Murta were unable to return to the boat and needed rescuing by the Coast Guard. As support, the Claimant cites his state court complaint, the motion to dismiss, the Coast Guard's search and rescue report, as well as Murta's death report, death certificate, and autopsy report. The Court will not consider these allegations because they are not within the four corners of the Complaint.

"Federal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings offered in conjunction with a Rule 12(b)(6) motion." *Amaya v. Ballyshear LLC*, 295 F. Supp. 3d 204, 216 (E.D.N.Y. 2018) (Spatt, J.); *see also Halebian v. Berv*, 644 F.3d 122, 130 n.7 (2d Cir. 2011) (noting that the Second Circuit has

recognized "exceptions to Rule 12(b)(6)'s general prohibition against considering materials outside the four corners of the complaint"). In exercising its discretion, the Court may consider:

> (1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents "integral" to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in [the] defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, (4) public disclosure documents required by law to be, and that have been, filed with the Securities and Exchange Commission, and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence.

*Envtl. Servs., Inc. v. Recycle Green Servs., Inc.*, 7 F. Supp. 3d 260, 270 (E.D.N.Y. 2014) (Spatt, J.); (quoting *In re Merrill Lynch & Co.*, 273 F.Supp.2d 351, 356–57 (S.D.N.Y. 2003), *aff'd in part and vacated in part on other grounds sub nom. Dabit v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 395 F.3d 25 (2d Cir. 2005), *vacated on other grounds*, 547 U.S. 71, 126 S.Ct. 1503, 164 L.Ed.2d 179 (2006)).

Here, the Claimant gives no indication that the documents attached as exhibits to his motion to dismiss were incorporated by reference in the Complaint, integral to the Complaint, relied on in framing the Complaint, public disclosure documents, or facts of which the Court may take judicial notice. To the contrary, it appears he introduced these documents for the purpose of providing a counter-narrative of the facts alleged in the Complaint. Consequently, considering said documents "would require credibility assessments and weighing of the evidence, which is not appropriate on a motion to dismiss." *See Johnson v. Levy*, 812 F. Supp. 2d 167, 176 (E.D.N.Y. 2011) (refusing to consider affidavits, contracts and credit reports attached to the motion to dismiss); *Envtl. Servs., Inc.*, 7 F. Supp. 3d at 269–70 (refusing to consider various declarations); *Kaible v. U.S. Computer Grp., Inc.*, 27 F. Supp. 2d 373, 376–77 (E.D.N.Y. 1998) (Spatt, J.) (refusing to consider letters, agreements and transcript excerpts); *Garnett-Bishop v. New York Cmty. Bancorp*, Inc., No. 12-

CV-2285 ADS ARL, 2014 WL 5822628, at *13 (E.D.N.Y. Nov. 6, 2014) (Spatt, J.) (refusing to consider "affidavits, receipts, and letters").

As for the state court documents, the Court may take judicial notice of the existence of the state court complaint and its statements, but cannot use them "for the truth of the matters asserted." *Roth v. Jennings*, 489 F.3d 499, 500 (2d Cir. 2007); *Staehr v. Hartford Fin. Servs. Group*, 547 F.3d 406, 425 (2d Cir. 2008) ("We have previously held that it is proper to take judicial notice of the *fact* that press coverage, prior lawsuits, or regulatory filings contained certain information, without regard to the truth of their contents") (citing *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006)). Thus, the fact that the Claimant alleged the Petitioner's negligence in the state court action does not justify considering those allegations when determining the sufficiency of the allegations in the Complaint in this case.

At this stage of the litigation, the Court must only assess the feasibility of the legal theories in the Complaint, not whether the Petitioner established such theories. *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 113 (2d Cir. 2010). As such, the Court will wait to review the evidence until after the parties benefit from complete discovery. Therefore, the Court will exclude the additional material and decide the motion on the allegations in the Complaint alone.

D. APPLICATION TO THE FACTS.

Looking solely at the facts alleged in the Complaint, the Petitioner stated a claim under the Limitation Act. The Petitioner alleges that Murta left the Vessel and entered the navigable waters, thereby suffering his injuries as a result of swimming in the open navigable waters, not due to any fault, neglect, or want of care on the part of the Petitioner, and without the Petitioner's privity or knowledge. These facts set forth enough detail to provide the Claimant notice of the Petitioner's basis for seeking limitation of liability. Other courts have found similarly barebones descriptions

7

of incidents giving rise to limitation of liability claims sufficient to withstand motions to dismiss. *See In re Franz*, 7 F. Supp. 3d 238, 240 (N.D.N.Y. 2014) (denying motion to dismiss where complaint alleged that claimant "was injured while aboard the vessel" and that those injuries "were not due to any fault, neglect, or want of care on the part of [petitioner], nor due to any unseaworthy condition of the Vessel, and occurred without [petitioner's] privity or knowledge."); *Yanicky*, 2011 WL 5523600, at *2 (denying motion to dismiss where complaint "allege[d] that the decedent's drowning death was caused after he jumped out of the boat and into Lake Ontario 'against the express orders of the Vessel's captain (Petitioner).'").

The Claimant asserts that the Petitioner cannot state a claim for exoneration because, in fact, the Petitioner was the operator of the vessel and his actions caused Murta's death. For the reasons previously explained, the alternate version of events depicted by the Claimant is beyond the scope of the pleadings and thus cannot serve as basis for dismissing the Complaint. Nothing in the Complaint itself would even tend to show the Petitioner's negligence, let alone establish it as a matter of law.

Therefore, the Court may deny the Claimant's motion without addressing the question of the Petitioner's privity or knowledge. Under the two step inquiry for limiting liability, the burden to show the absence of privity or knowledge only shifts to the vessel owner after the claimant carries his burden of establishing the vessel owner's negligence. Here, since the Claimant failed to show that the Petitioner was negligent, the Petitioner stated a claim for a limitation of liability regardless of whether privity or knowledge existed. *See Kaufman*, 2015 A.M.C. at 1000 ("With respect to Kaufman, the fact that he was operating the vessel at the time the accident occurred may be sufficient to attribute "privity or knowledge," to him, however, the Court need not reach that issue because Plaintiff has not established that Kaufman was negligent.").

Assuming the Claimant established negligence, his privity argument would fail for the same reason. He cites no allegations in the Complaint demonstrating the Petitioner's privity or knowledge, instead hinging his theory entirely on the additional facts contained in the excluded exhibits discussed above. The most the Claimant could argue based on the facts in the Complaint would be that the Petitioner's presence on the boat establishes privity or knowledge. However, the Complaint does not actually include such an allegation—it makes no mention of whether the Petitioner was on the boat or not. What is more, it is well-settled that the mere presence of a vessel owner on the boat does not establish privity or knowledge. *See Messina*, 547 F.3d at 127 ("the mere presence on board of an owner does not constitute such privity as will preclude limitation of the owner's liability.") (quoting *Complaint of Interstate Towing Co.*, 717 F.2d 752, 754 (2d Cir.1983)); *Yanicky*, 2011 WL 5523600, at *2 ("Claimant . . . appears to argue that Petitioner's mere presence on the vessel precludes this action. However, such a premise is not the law of this Circuit."). As a result, there appears to be no basis for finding that the Petitioner possessed privity or knowledge of the incident based on the allegations in the Complaint alone.

Ultimately, the existence or absence of privity or knowledge "is a question of fact" that "cannot be determined as a matter of law, and discovery must be necessary to shed light upon the issue." *Kaufman*, 2015 A.M.C. at 1000. The Complaint's allegation, however sparse, that the Petitioner lacked privity or knowledge suffices to withstand a motion to dismiss. *See Franz*, 7 F. Supp. 3d at 242–43 ("Little discussion is warranted here. Bearing in mind that the Volks have moved to dismiss for failure to state a claim, Buchanan's allegation that the incident in question 'occurred without [their] privity or knowledge,' is sufficient to defeat the motion.").

Therefore, the Court finds that the Petitioner stated a claim under the Limitation Act.

## III. CONCLUSION

For the foregoing reasons, the Court denies the Claimant's motion to dismiss the Complaint pursuant to Rule 12(b)(6) in its entirety.

It is **SO ORDERED**:

Dated: Central Islip, New York

August 12, 2019

/s/ Arthur D. Spatt

ARTHUR D. SPATT

United States District Judge